NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2006


 ______________________________



BARBARA STONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

OPINION


 Appellant Barbara Stone appeals her conviction for possession with intent to deliver
a controlled substance (cocaine) in an amount of less than 200 grams but more than four
grams and her sentence of 40 years confinement in the Institutional Division of the Texas
Department of Criminal Justice. We affirm.



Background

 Lubbock police officers were involved in a drug investigation focused on Kevin
Kennedy. During the investigation, the officers learned that appellant was Kennedy's drug
source and decided to place appellant's apartment under surveillance. On September 7,
2004, an undercover officer arranged, through a confidential informant, to purchase drugs
from Kennedy. After meeting with the undercover officer, Kennedy went to appellant's
apartment and returned to complete the drug transaction. On September 9, the
undercover officer again set up a drug buy with Kennedy who went to appellant's home
before completing the second transaction. Kennedy was arrested after the second
transaction.

 As the police continued their surveillance of appellant's apartment, the officers
observed a female matching appellant's description leave the residence. Believing that
appellant could be leaving with evidence, i.e., drugs or currency marked by law
enforcement, officers detained the female and questioned her. The officers learned that
the female was not appellant. Neither could they confirm any connection between the
female and the apparent drug transactions. At that time, the police officers who were
wearing clothes identifying them as law enforcement believed that they had exposed their
presence and had possibly endangered their investigation. Concerned that the officers'
exposure had placed them in danger and that the occupants of appellant's apartment could
destroy evidence, the lead officer made the decision to enter the apartment. The police
forcibly entered the apartment and secured the occupants of appellant's home before
requesting consent from appellant. Appellant consented to the search and directed the
police to the location of the drugs. The police found cocaine, prescription pills, and
methamphetamine. Appellant was then arrested for possession of a controlled substance
with intent to deliver cocaine. 

 Appellant filed a motion to suppress the evidence gathered during the search
contending the officers lacked probable cause or exigent circumstances to enter
appellant's residence, and that any consent given afterwards was not voluntarily given. 
The trial court denied appellant's motion to suppress. Appellant then pled guilty and the
trial court, upon finding her guilty, sentenced her to 40 years confinement in the
Institutional Division of the Texas Department of Criminal Justice. 

 Appellant contends that the trial court erred in overruling her motion to suppress. 
Specifically, appellant contends that the police did not have probable cause nor exigent
circumstances to justify the warrantless entry into her apartment by force. Further, while
appellant concedes that she consented to the search, she contends that the consent was
rendered involuntary by the circumstances at the time consent was given. 

Motion to Suppress Evidence Gained By Warrantless Entry


 For search and seizure issues, we engage in a mixed review. Johnson v. State, 68
S.W.3d 644, 652 (Tex.Crim.App. 2002). We give almost total deference to a trial court's
rulings on questions of historical fact and application-of-law-to-fact questions that turn on
an evaluation of credibility and demeanor, while we review de novo any application-of-law-to-fact questions that do not turn upon credibility and demeanor. Id. at 652-53. 

 Probable cause to search exists when reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead a man of
reasonable prudence to believe that the instrumentality of a crime or evidence of a crime
will be found. See Estrada v. State, 154 S.W.3d 604, 609 (Tex.Crim.App. 2005). If
probable cause is present, the inquiry becomes whether exigent circumstances existed to
obviate the need for a search warrant and justify the initial warrantless entry. McNairy v.
State, 835 S.W.2d 101, 107 (Tex.Crim.App.1991). Exigent circumstances include (1)
rendering aid or assistance to persons whom officers reasonably believe are in need of
assistance; (2) preventing the destruction of evidence or contraband; and (3) protecting
officers from persons whom they reasonably believe to be present, armed and dangerous. 
See Parker v. State, No. PD-0250-05, 2006 WL 931596, at *2 n.16 (Tex.Crim.App. April
12, 2006) (citing McNairy 835 S.W.2d at 107). If either probable cause or exigent
circumstances are not established, a warrantless entry will not past muster. See id. at *2. 

 Neither party disputes that entry was made without a warrant. Therefore, the
burden is upon the State to prove the legality of the warrantless search. See Amores v.
State, 816 S.W.2d 407, 413 (Tex.Crim.App. 1991). Thus, the State had the burden to
prove that probable cause plus exigent circumstances existed that rendered the
procurement of a search warrant impractical. See Estrada, 154 S.W.3d at 608. 

 As to probable cause, the State points to testimony that Kennedy sold illicit drugs
on two occasions by visiting appellant's home prior to each sale, with the second
transaction occurring just minutes prior to the officers entering the home. Giving almost
total deference to the trial court's evaluation of the police officers' testimony, we conclude
that a person of reasonable prudence in possession of the knowledge held by the officer
would be led to believe that evidence of a crime would be found in the apartment. 
Therefore, we conclude that the trial court did not err in concluding that probable cause
was present to allow a police officer to believe that evidence of a crime was present within
the apartment.

 However, even with probable cause present, the State must also show that exigent
circumstances existed such that the procurement of a search warrant was impractical. The
State contends that the exigent circumstances arose when officers confronted the white
female outside of the apartment. According to officer testimony, the encounter was within
view of the apartment and, if seen, could have led to the destruction of evidence and
possible violence and armed resistance from the occupants. However, the apartment
occupants must have been aware of the officers' presence before it can be said that
knowledge of the officers' presence somehow influenced the occupants' actions. See
Grimaldo v. State, No. 07-04-0246, 2006 WL 563027, at *4 (Tex.App.-Amarillo March 8,
2006, no pet. h.). Inferences, opinions, and conclusions stimulating police action must be
reasonably objective and supported by fact as opposed to speculation and surmise. Id. 
Although the lead officer believed that evidence could be destroyed, and that officers were
potentially in danger, the record does not contain facts rendering the lead officer's beliefs
objectively reasonable. See id. Thus, we conclude the State did not establish the
existence of exigent circumstances necessary for a warrantless search. Therefore, we
conclude that, although probable cause existed, the absence of exigent circumstances
make the warrantless entry into appellant's home unlawful. 

 Having concluded that the State did not establish exigent circumstances sufficient
for a warrantless entry, we must determine whether appellant's consent is sufficiently
attenuated from the unlawful entry to be considered voluntary. (1)

Voluntariness of confession and admissibility


of evidence tainted by unlawful entry


 In determining whether the trial court erred in denying appellant's motion to
suppress, the issue is whether, after affording almost total deference to the trial court's
determination of the historical facts that are supported by the record, the trial court abused
its discretion by finding that the State proved by clear and convincing evidence that the
consent was voluntary. See Montanez v. State, 195 S.W.3d 101, 108 (Tex.Crim.App.
2006). Under an abuse of discretion, a reviewing court should not reverse the trial judge's
decision whose ruling was within the zone of reasonable disagreement. See Green v.
State, 934 S.W.2d 92, 102 (Tex.Crim.App.1996). To establish the validity of consent after
an illegal search or seizure, the State must prove by clear and convincing evidence that
the taint inherent in the illegality had dissipated by the time consent is given. See Brick,
738 S.W.2d at 678. In that respect, we consider (1) the temporal proximity between the
unlawful entry and the given consent; (2) whether the warrantless entry brought about
police observation of the particular object for which consent was sought; (3) whether the
entry resulted from flagrant police misconduct; (4) whether the consent was volunteered
or requested; (5) whether appellant was made fully aware of the right to refuse consent,
and (6) whether the police purpose underlying the illegality was to obtain the consent. See
id. at 680-81.

 In this matter, a police officer testified that consent was given after officers secured
the apartment and its occupants. Although a specific time period is not mentioned, we
infer from the officer's testimony that a short time period of minutes elapsed between the
time of entry until consent was given. Therefore, the first factor weighs against the
dissipation of the taint of illegality. Next, the officers secured the location and performed
a protective sweep, but did not encounter or observe any particular object for which
consent was sought. Only after consent was given did the officers locate illegal drugs. In
addition to the requested consent, appellant, on her own volition, led the police to the
location of the drugs. Therefore, this factor weighs in favor of admissibility since the illegal
drugs were not obtained by the unlawful entry but by appellant's consent as well as
appellant's additional cooperation. Next, appellant contends that the police's misconduct
was flagrant because they had no intention of ever gaining a search warrant; however,
testimony was presented to the contrary. Further, we previously concluded that the officers
did have probable cause to suspect that drugs and marked, identifiable currency used in
the transaction would be found within the apartment. In giving almost total deference to
a trial court's evaluation of credibility and demeanor, see Johnson, 68 S.W.3d at 652-53,
we recall that the lead officer's stated rationale for entering the residence was the lead
officer's belief that the investigation had been exposed and that the destruction or removal
of evidence was a strong possibility. While we previously concluded that this belief was
not proven to be objectively reasonable, it indicates that the lead officer believed, albeit
mistakenly, that the officers were justified in entering the residence. See Self v. State, 709
S.W.2d 662 , 677 (Tex.Crim.App. 1986) (conduct not in accordance with state law does
not necessarily rise to the level of flagrant conduct); Renfro v. State, 958 S.W.2d 880, 887
(Tex.App.-Texarkana 1997, pet. ref'd) (when probable cause is present, police conduct
though illegal, doesn't necessarily rise to level requiring censure). Further, the illegal entry
in the present case was not shown to have been calculated to cause fear, surprise, or
confusion, or to have been undertaken for the purpose of "turning something up." Brown
v. Illinois, 422 U.S. 590, 605, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Therefore, the third
factor weighs in favor of admission. The fourth factor favors suppression of the evidence
since appellant did not volunteer consent but gave consent only after the police requested
consent. The fifth factor weighs in favor of admission because appellant was informed of
her right to refuse consent. Appellant contends the notice of her right to refuse consent
was tainted by the proximity of the forcible entry as well as her being handcuffed. 
However, an officer testified that appellant was informed of her rights without threat or
coercion and in a normal tone of voice. Once again, we give almost total deference to the
trial court's evaluation of credibility and demeanor, and without direct evidence that the
right to refuse consent was nullified by the circumstances, we conclude that the State
informed appellant of her right to refuse consent. Finally, the sixth factor considers the
rationale or purpose of the police in performing the warrantless entry. The lead officer
testified that his intention for ordering the breach of the apartment was to secure the
residence while they obtained either consent or a search warrant. Deferring to the trial
court's evaluation of credibility and demeanor, see Johnson, 68 S.W.3d at 652-53, we
conclude that this final factor weighs in favor of admissibility since the officer's stated
purpose was not simply to obtain consent, but was also to protect the officers and evidence
of the investigation. But see Grimaldo, No. 07-04-0246, 2006 WL 563027, at *4 (court
determined that officers had the intent to immediately enter home irrespective of their
ability to obtain a warrant). 

 However, we have not reviewed the Brick factors for the purpose of re-weighing the
evidence in order for this court to determine whether the State proved by clear and
convincing evidence that the taint of the illegality has dissipated prior to the consent. Were
we to make the determination that the State had failed to prove by a clear and convincing
standard that the consent was tainted by the illegal entry, we would impermissibly eliminate
the abuse of discretion standard of review afforded a trial court's decision on issues of
evidence admissibility. See Montanez, 195 S.W.3d at 108. Instead, we have reviewed
the record to determine whether the trial court abused its discretion by finding that the
State had proven by clear and convincing evidence that appellant had voluntarily given
consent. Having conducted an analysis under the Brick factors, we cannot say that the
trial court was outside the zone of reasonable disagreement in concluding that the State
met its burden to prove by a clear and convincing standard that the taint from the illegal
search had dissipated by the time consent was given. (2) Therefore, the trial court did not
abuse its discretion in overruling appellant's motion to suppress the evidence found as a
result of the unlawful entry into appellant's apartment. We overrule appellant's third issue.

Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice



Quinn, C.J., dissenting.

Campbell, J., concurring. 





Publish. 


NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2006


______________________________



BARBARA STONE, 
 


 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407,187; HON. JIM BOB DARNELL, PRESIDING


_______________________________



DISSENT


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 I respectfully dissent from the majority's opinion to the extent it holds that appellant's
consent was voluntary and sufficiently attenuated from the illegal entry and detention. 
Simply put, there is no material distinction between the facts here and those in Grimaldo
v. State, No. 07-04-0245-CR, 2006 Tex. App. LEXIS 1824 (Tex. App.-Amarillo March 8,
2006, no pet. h.); thus, the decision in Grimaldo controls the outcome at bar. 

 The decision to enter without a valid warrant was made once it was determined that
the substance obtained from the house was contraband. That is, the officers "decided to
go ahead and make entry into the apartment, secure the persons inside, either until [they]
could obtain a search warrant or [they] could obtain consent to search from whoever was
in charge of the residence." So, the purpose of the officers was clear when they undertook
to unlawfully enter the home with guns drawn. They were intent on conducting a search,
one way or the other.

 Additionally, it is difficult to deny that police observation of the contraband arose
from the unlawful entry into and sweep of the location. Again, no warrant authorized the
entry or a search, the contraband they sought was not within plain view, and mere minutes
lapsed from the decision to undertake forced entry to the discovery of the cocaine. 

 Finally, while it may be that appellant was told of her right to refuse consent, one
can only wonder if her response evinced a legitimate choice. By that time, the officers had
already entered the home illegally with guns drawn, and seized all present without legal
justification. Nothing of record suggests that the officers would have left the premises or
momentarily released their detainees had consent been denied. The contrary would seem
true given the general intent to search one way or another. Nor can I discount the
undeniable affect on one's ability to think clearly of the unlawful presence of armed police
officers roaming throughout the home. 

 As previously stated, the circumstances here are materially indistinguishable from
those in Grimaldo. So, I conclude that appellant's motion to suppress should have been
granted.

 Brian Quinn 

 Chief Justice

Publish. 

 


NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2006


 ______________________________



BARBARA STONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

CONCURRING OPINION


 I concur that the Court's opinion properly applies the Court of Criminal Appeals case
law that binds us, and so join in the Court's opinion, but I write to express my concern over
the adequacy of the Brick factors in cases like this one. Brick involved a consensual
search of a residence that followed an assertedly unlawful arrest made at another location. 
Brick v. State, 738 S.W.2d 676, 677 (Tex.Crim.App. 1987). The attenuation issue in Brown
v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), concerned an incriminating
statement given at the police station after an unlawful arrest. Here, like in Grimaldo, (3) the
relationship between the evidence the State introduced at trial and the unlawful police
conduct is much more direct. (4) Here, police received consent to search the same
apartment that, we have concluded, they had just forcibly and unlawfully entered. The
physical evidence the police found is the same evidence whose destruction they said they
sought to prevent by their sudden entry into the apartment. It seems to me that the Brick
factors are inadequate to evaluate fully whether denying the State the use of the evidence
obtained under such circumstances fits the purposes of the exclusionary rule. See, e.g.,
Brown, 422 U.S. at 609 (Powell, J., concurring) ("The point at which the taint can be said
to have dissipated should be related, in the absence of other controlling circumstances, to
the nature of that taint."). 


 James T. Campbell

 Justice



Publish.


1. The State contends that appellant did not preserve the attenuation argument at
trial because she only requested the trial court to find that her consent was not voluntary. 
However, careful review of appellant's trial brief (Defendant's Reply to State's Response
to Defendant's Brief in Support of Defendant's Motion to Suppress) demonstrates that
appellant contended that "[t]he totality of these circumstances strongly suggests that
[appellant]'s consent was obtained by exploitation of the illegal entry and sweep and,
therefore, was not voluntary." This language is similar to the language in Brick v. State,
738 S.W.2d 676, 678 (Tex.Crim.App. 1987). Therefore, we conclude, as did the Court of
Criminal Appeals in Brick, that appellant raised both issues of attenuation and
voluntariness at trial. Id. at 681. Therefore, appellant properly preserved both issues.
2. In Grimaldo, this court found evidence in five out of the six Brick factors favoring
suppression of the evidence. Evidence included testimony that the officers in Grimaldo
made the decision to enter the residence irrespective of whether they had the time or ability
to obtain a warrant, and that the decision to enter was made prior to appellant's suspicious
activity. See Grimaldo, 2006 WL 563027, at *4. The present case is significantly different
in that our analysis reveals only two of the six Brick factors favor suppression of the
evidence.
3. Grimaldo v. State, No. 07-04-0246-CR, 2006 WL 563027 (Tex.App.-Amarillo
March 8, 2006, no pet.)
4. In its supplemental brief, the State argues Reasor v. State, 12 S.W.3d 813
(Tex.Crim.App. 2000), provides a standard for analysis of the attenuation issue, noting that
it dealt with a consensual search following an unlawful protective sweep of the same
premises. Despite its "taint" language, it is not clear that the opinion in Reasor was
intended to address an attenuation issue, since it gives the issue the same "short shrift"
the court criticized in Brick. See Reasor, 12 S.W.3d at 819 ("[a]ny taint from the illegal
sweep was sufficiently attenuated when appellant voluntarily consented to the search of
his residence"); Brick, 738 S.W.2d at 678 (quoting similar language from court of appeals
opinion).